J-S67038-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JASON ERIC WALTERS, | |
| Appellant | No. 757 MDA 2015 |

Appeal from the Judgment of Sentence March 31, 2015
in the Court of Common Pleas of Lancaster County
Criminal Division at No.: CP-36-CR-0004716-2009

BEFORE:  BOWES, J., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED DECEMBER 09, 2015**

Appellant, Jason Eric Walters, appeals from the judgment of sentence imposed after the revocation of his probation.  We affirm.

On January 15, 2010, Appellant entered a negotiated guilty plea to burglary, terroristic threats, and simple assault.[1]  As explained by the trial court in its June 16, 2015 opinion:

> [Appellant] received a sentence of nine (9) to twenty-three (23) months, followed by three (3) years of probation, on the charge of [b]urglary.  The other counts merged with the [b]urglary count.  [Appellant] was also required to complete drug and alcohol evaluation and treatment, refrain from alcohol possession or consumption at his place of employment and

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3502(a), 2706(a)(1), and 2701(a)(1), respectively.

residence, complete a psychological/psychiatric evaluation, participate in the Domestic Violence Intervention Group or any alternate counseling ordered by the probation officer, maintain full time employment, and have no contact with the victim.

[Appellant] failed to attend mandated counseling and was discharged from Domestic Violence Intervention Group for failing to report to four group sessions; a capias was issued on December 30, 2010. On February 2, 2011, [Appellant] was found in violation of his parole. He was sentenced to the balance of his unexpired maximum and paroled immediately to detainers. On July 7, 2011, [Appellant] was charged with [i]ndirect [c]riminal [c]ontempt and therefore violated his parole in that he had new charges; a capias was issued on July 28, 2011. On August 25, 2011, [Appellant] was found in violation of his parole. He was sentenced to the unexpired balance after completion of the six month sentence that he was then serving; he would be eligible for parole at the expiration of three months. On January 3, 2013, [Appellant] [pleaded] guilty with a plea agreement to the crimes of criminal trespass, theft by unlawful taking, and criminal mischief; [Appellant] was also charged with [i]ndirect [c]riminal [c]ontempt on January 16, 2013. A capias was issued January 16, 2013. On March 21, 2013, [Appellant] was found in violation of his parole. His parole was revoked and he was sentenced to the unexpired balance of his maximum term, concurrent to the term he was currently serving. He would be eligible for parole without petition at the expiration of six months subject to his behavior.

[Appellant's] parole expired on January 1, 2014 and his probation became effective on that date. [Appellant] then violated his probation by having abusive and threatening contact with his victim and by admitting to using cocaine on November 18, 2014. A capias was issued on November 20, 2014. A probation violation hearing was held on December 29, 2014. [Appellant] stipulated to the violations and admitted that he sent text messages to the victim. Accordingly, the [trial c]ourt revoked his [probation]. As there was a possibility of a state prison sentence, the [c]ourt directed the [a]dult [p]robation and [p]arole [o]ffice to prepare a pre-sentence investigation [(PSI)]. On March 31, 2015, with the benefit of a [PSI], the [c]ourt sentenced [Appellant] to incarceration in a [s]tate [c]orrectional [i]nstitution for not less than one and one-half (1 1/2) nor more than four (4) years.

On April 2, 2015, [Appellant] used a "General Purpose Request Form" to send a [*pro se*] message to th[e] [c]ourt, in which it appear[ed] he [was] asking for a modification of sentence. In a [*pro se*] letter to th[e] [c]ourt, dated April 1, 2015, [Appellant] included a section labeled "Petition Modification of Sentence." On April 14, 2015, th[e] [c]ourt directed the [c]lerk of [c]ourts to accept [Appellant's] petition, time-stamp it with the date of receipt, make a docket entry reflecting the date of receipt, place the document in the criminal file, [and] forward a copy to [Appellant's] attorney and the Commonwealth attorney.[2] A notice of appeal was filed by [Appellant's] attorney on April 30, 2015, prior to th[e] [c]ourt ruling on the motion to modify sentence.[3]

(Trial Court Opinion, 6/16/15, at 1-3).

On May 1, 2015, the trial court ordered Appellant to file a Rule 1925(b) statement of errors complained of on appeal, which he timely did on May 21, 2015. **See** Pa.R.A.P. 1925(b). On June 16, 2015, the court filed a Rule 1925(a) opinion. **See** Pa.R.A.P. 1925(a).

Appellant raises one question for this Court's review:

1.     Was the trial court's sentence of one-and-a-half (1.5) to four (4) years of incarceration so manifestly excessive as to constitute too severe a punishment and clearly unreasonable

---

[2] The *pro se* motion to modify the sentence is on the docket, but is not in the certified record provided to this Court. (**See** Docket, No. CP-36-CR-0004716-2009, at 15). However, because Appellant was represented by counsel at the time, this filing is a legal nullity and, even if it was in the original record, we would not review it. **See Commonwealth v. Ali**, 10 A.3d 282, 293 (Pa. 2010); **Commonwealth v. Ellis**, 626 A.2d 1137, 1139 (Pa. 1993) ("[T]here is no constitutional right to hybrid representation either at trial or on appeal.").

[3] "The filing of a motion to modify sentence will not toll the 30-day appeal period." Pa.R.Crim.P. 708(E). Therefore, counsel properly filed the notice of appeal before the appeal period expired.

under the circumstances of this case, as it was not consistent with the protection of the public, the gravity of the offenses, and the rehabilitative needs of [Appellant] and the court did not impose an individualized sentence which took into consideration [Appellant's] circumstances?

(Appellant's Brief, at 4).

Our standard of review of an appeal from a sentence imposed following the revocation of probation is well-settled: "Revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." *Commonwealth v. Colon*, 102 A.3d 1033, 1041 (Pa. Super. 2014), *appeal denied*, 109 A.3d 678 (Pa. 2015) (citation omitted). Further, our scope of review includes consideration of discretionary aspects of sentencing claims. *See Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013).

Instantly, Appellant argues "that the sentence was manifestly excessive and an abuse of the court's discretion." (Appellant's Brief, at 10).

Such a challenge to the discretionary aspects of a sentence is not appealable as of right. Rather, Appellant must petition for allowance of appeal pursuant to 42 Pa.C.S.A. § 9781. *Commonwealth v. Hanson*, 856 A.2d 1254, 1257 (Pa. Super. 2004).

Before we reach the merits of this [issue], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a

substantial question that the sentence is appropriate under the sentencing code. The third and fourth of these requirements arise because . . . [Appellant] must petition this Court, in his concise statement of reasons, to grant consideration of his appeal on the grounds that there is a substantial question. Finally, if the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013)[, *appeal denied*, 77 A.3d 1258 (Pa. 2013)] (citations omitted); *see also Commonwealth v. Kalichak*, 943 A.2d 285, 289 (Pa. Super. 2008) ("[W]hen a court revokes probation and imposes a new sentence, a criminal defendant needs to preserve challenges to the discretionary aspects of that new sentence either by objecting during the revocation sentencing or by filing a post-sentence motion.").

*Colon*, *supra* at 1042-43.

Instantly, although Appellant's appeal is timely, he failed to preserve his sentencing issue in the trial court by objecting during the proceeding or by filing a post-sentence motion.[4] Therefore, his issue is waived. *See id.*

Moreover, even if properly preserved, Appellant's issue would not merit relief. Appellant acknowledged that his original burglary conviction carried a maximum sentence of twenty years' incarceration. (*See* Guilty Plea Colloquy, 1/15/10, 3 ¶ 34). Additionally,

Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of

_____

[4] As previously observed, the *pro se* post-sentence motion filed by Appellant while he was represented by counsel is a legal nullity. (*See* Trial Ct. Op., at 3); *see also Ali*, *supra* at 293; *Ellis*, *supra* at 1139.

- 5 -

the original sentencing, including incarceration. 42 Pa.C.S.A. § 9771(b). "[U]pon revocation [of probation] . . . the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." ***Commonwealth v. Infante***, 63 A.3d 358, 365 (Pa. Super. 2013) (internal quotation marks and citations omitted).

***Colon***, ***supra*** at 1044.

Therefore, the sentence imposed of not less than one-and-one-half nor more than four years' incarceration was well within "the maximum sentence that [the court] could have imposed originally at the time of the probationary sentence." ***Id.*** (citation omitted).

Further, the record reveals that Appellant stipulated that he violated his probation. (***See*** N.T. Probation Violation Hearing, 12/29/14, at 2). In addition, at the sentencing hearing, the court considered Appellant's age and maturity, his work and education histories, his prior criminal record, his prior parole and probation violations, a PSI, the penalties authorized by the legislature, Appellant's character and statements, and his mental health issues. (***See*** N.T. Sentencing, 3/31/15, at 11-13). Ultimately, the court decided that "[i]ncarceration is warranted because a lesser sentence would depreciate the seriousness of [Appellant's] continued violations and the seriousness of the threats made . . . towards [the victim][.]" (***Id.*** at 14; ***see id.*** at 11-13). Upon consideration of the foregoing, Appellant's issue, even if properly preserved, would not merit relief. We affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/9/2015